**SIEMENS BUILDING TECHNOLOGIES, INC.,**

v.

**Efrain F. CAMACHO.**

**No. CIV.A. 01–1613.**

United States District Court,
E.D. Pennsylvania.

April 18, 2001.

M. Frances Ryan, Andrea M. Carda-mone, Dechert, Price & Rhoads, Philadelphia, PA, for plaintiff.

### MEMORANDUM ORDER

WALDMAN, District Judge.

This is a breach of contract action. Plaintiff designs, installs and services building automation and facility management systems including high technology security devices. Defendant was employed as a technician and then senior security installer by plaintiff and its predecessor from February 7, 2000 to February 9, 2001 when he accepted employment with a competitor. Plaintiff alleges that defendant is breaching a restrictive covenant in his employment agreement with plaintiff to refrain from certain customer contact for two years after leaving its employ for any reason.

With its complaint, plaintiff filed a motion for a temporary retraining order which was served on defendant. By order of April 9, 2001, the court gave defendant a week to respond to the motion if he wished and scheduled a hearing for April 16, 2001. Defendant has not responded to the motion and failed, without explanation, to appear for the hearing. Plaintiff's factual averments are thus uncontroverted for purposes of the instant motion. The pertinent facts of record are as follow.

As a condition of employment, defendant executed an agreement containing a post-employment restrictive covenant. He promised that for a period of two years after leaving his employment with plaintiff for any reason, he would not participate in the solicitation or servicing of entities which were customers of the branch office at which he was employed during the two years preceding the termination of employment with plaintiff. The agreement contains an Illinois choice of law provision. Plaintiff's principal place of business is in Illinois.

Barely a month after leaving plaintiff to work for a competitor, defendant was providing the same on-site services on behalf of the competitor for at least two companies which he had been similarly servicing as customers of plaintiff. Plaintiff had spent a decade developing and maintaining its relationship with one of these customers, Merck & Co. Plaintiff provided extensive specialized training to defendant, and introduced him to many of plaintiff's established customers for whom he served as an on-site contact.

Plaintiff has asked defendant to cease servicing its customers for its competitor and to honor the restrictive covenant. He has declined.

■ In assessing a motion for preliminary injunctive relief, courts consider whether the movant has shown a reasonable likelihood of success on the merits, whether the movant will be irreparably harmed if relief is denied, whether granting relief will result in greater harm to the nonmovant and whether granting relief would be in the public interest. *See Allegheny Energy, Inc. v. DQE, Inc.,* 171 F.3d 153, 158 (3d Cir.1999).

■ On the record presented, plaintiff is likely to prevail on the merits. A covenant restricting competitive activity which is ancillary to an employment contract and supported by consideration is valid under Illinois law insofar as it is reasonably necessary to protect the employer's interests. *See Advent Elec. Inc. v. Buckman,* 112 F.3d 267, 274 (7th Cir.1997); *Millard*

*Maintenance Service Co. v. Bernero,* 207 Ill.App.3d 736, 152 Ill.Dec. 692, 566 N.E.2d 379, 384 (1990). "In Illinois, continued employment constitutes adequate consideration for a post-employment covenant not to compete." *Id.* An employer has a legitimate interest in protecting its relationships with customers. *See McRand, Inc. v. Beelen,* 138 Ill.App.3d 1045, 93 Ill.Dec. 471, 486 N.E.2d 1306, 1315 (1985). A two year restriction on the solicitation or servicing of the former employer's clients with whom the employee had contact is reasonable. *See Bernero,* 152 Ill.Dec. 692, 566 N.E.2d at 388; *McRand,* 93 Ill.Dec. 471, 486 N.E.2d at 1316. Where a covenant encompasses all of the employer's customers, a court may tailor relief to activity involving those with whom the former employee was involved during the employment. *See McRand,* 93 Ill.Dec. 471, 486 N.E.2d at 1315–16. *See also Weitekamp v. Lane,* 250 Ill.App.3d 1017, 189 Ill. Dec. 486, 620 N.E.2d 454, 461 (1993) (upholding modification by court of scope and duration of covenant).

Plaintiff faces irreparable harm. It is faced with the imminent loss of a long standing customer relationship which it spent considerable time cultivating. It appears that defendant's new employer is targeting plaintiff's customers and that defendant is now providing to at least two of them the same services he had provided just weeks earlier on behalf of plaintiff. The amount of future lost revenue from the diversion of plaintiff's customers is not easily ascertainable. In such circumstances, irreparable harm has been presumed. *See A.B. Dick Co. v. American Pro–Tech,* 159 Ill.App.3d 786, 112 Ill.Dec. 649, 514 N.E.2d 45, 50 (1987); *McRand,* 93 Ill.Dec. 471, 486 N.E.2d at 1313.

Defendant does not face comparable harm if temporary relief is afforded. He may freely engage in his chosen field and solicit or service an array of clients. Unless defendant was hired solely or principally to assist in the diversion of clients with whom he was involved at the behest of plaintiff, his current employment should not be appreciably affected.

The public interest will not be directly or adversely affected by the granting of a restraining order. As a general matter, it is in the public interest to enforce valid contractual obligations and to protect legitimate business interests.

**ACCORDINGLY,** this day of April, 2001, **IT IS HEREBY ORDERED** that plaintiff's Motion for Temporary Restraining Order (Doc. # 3) is **GRANTED** and an appropriate restraining order will be entered herewith.

### RESTRAINING ORDER

**AND NOW,** this day of April, 2001, consistent with the accompanying memorandum order granting plaintiff's motion for a temporary restraining order, **IT IS HEREBY ORDERED** that defendant Efrain Camacho shall not directly or indirectly solicit, offer, sell or service building management systems or related products or services to any entity which has been a customer of plaintiff's Blue Bell, Pennsylvania office during the period of February 7, 2001 through February 9, 2001 with whom defendant had contact during that period, or assist any other entity in doing so.

**IT IS FURTHER ORDERED** that consistent with Fed.R.Civ.P. 65(c), this restraining order shall take effect upon the posting by plaintiff of a bond in the amount of $20,000 and shall remain in effect through April 27, 2001; a hearing will be held at 2:00 p.m. on April 27, 2001 on plaintiff's motion for a preliminary injunction; the parties shall have until April 26, 2001 to conduct expedited discovery; and, the parties shall submit proposed

findings of fact and conclusions of law by noon on April 27, 2001.